ORDERED in the Southern District of Florida on _____ MAY 08 2008

A. Jay Cristol, Chief Judge Emeritus
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                Case No. 06-11877-BKC-AJC

FALCON AIR EXPRESS, INC.,                             Chapter 11

Debtor.
_____/

## MEMORANDUM OPINION DENYING, IN PART, MOTION TO QUASH SUBPOENA

**THIS MATTER** came before the Court for hearing on February 27, 2008 upon: (1) Joseph Fajardo's ("Fajardo") Motion to Quash Subpoena [C.P. #842](the "Motion to Quash") and the Liquidating Trustee's ("Trustee") Response to Joseph Fajardo's Motion to Quash Subpoena [C.P. #910](the "Response"). The Court heard arguments on the issue of whether Fajardo had been effectively served with a subpoena as a nonparty witness under Federal Rule of Civil Procedure 45, and whether substitute service of a subpoena is proper under Rule 45. This cause raises the novel issue in this Court of whether substitute service is permissible under Rule 45 when serving a subpoena on a nonparty witness. The Court, having reviewed the file and the parties' submissions and heard argument of counsel, and being otherwise fully advised, rules

1

that, for the reasons set forth in detail below, substitute service of a subpoena on a nonparty witness is permitted under Rule 45.

I. **BACKGROUND**

The relevant, uncontested facts are that in November 2007, Trustee's counsel issued and signed a subpoena for a Rule 2004 Examination Duces Tecum for Fajardo (the "Subpoena"). Substitute service of the Subpoena was effected on Fajardo's wife on December 1, 2007, at a residence owned by Fajardo. Fajardo then timely filed his Response, and an accompanying affidavit challenging service [C.P. #848]. The affidavit raises factual issues which the Court will not be addressing. Fajardo alleges he has not resided at this residence since February 2007 and argues personal service is required for a non-party witness subpoena under Rule 45. The Trustee contends that Rule 45 allows such substituted service.

II. **LEGAL ANALYSIS**

The sole issue for determination at this time before this Court is whether substitute service is effective service under Rule 45.[1] Rule 45 states, in pertinent part, "Serving a subpoena requires delivering a copy to the named person..." FED. R. CIV. P. 45(b)(1). This Court recognizes that there is a split of authority among courts which have ruled on this issue, and that the Eleventh Circuit has not yet addressed this question. Compare Khachikian v. BASF Corp., 1994 WL 86702 at *1 (N.D.N.Y. 1994)(suggesting personal service is required under Rule 45), Conanicut Investment Co. v. Coopers & Lybrand, 126 F.R.D. 461, 462 (S.D.N.Y. 1992), Benford v. American Broadcasting Co., Inc., 98 F.R.D. 40, 41 n. 5 (D.Md. 1983), F.T.C. v. Compagnie De Saint-Gobain-Pont-A-Mousson, 636 F.2d 1300, 1312-1313 (D.C.Cir. 1980), Gillam v. A. Shyman, Inc., 22 F.R.D. 475, 479 (D.Ak. 1958); with Ice Corporation v. Hamilton

---

[1] Assuming substitute service is permitted, the factual issue of whether the service upon Fajardo's wife was proper substitute service, in light of Fajardo's Affidavit [C.P. 848] will be the subject of further proceedings and discovery.

Sundstrand Corporation, 2007 WL 1364984, *3 (D.Kan. 2007)(holding "personal service of the subpoena under Rule 45 is not necessarily required"), Hall v. Sullivan, 229 F.R.D. 501, 504 (D. Md. 2005)(finding Rule 45 does not require in-hand personal service), Ultradent Products, Inc. v. Hayman, 2002 WL 31119425 (S.D.N.Y. 2002), Windsor v. Martindale, 175 F.R.D. 665, 669 (D.Colo. 1997)(discussing how several courts have not found any requirement in "the language of Rule 45(b)(1) that mandates personal service"), King v. Crown Plastering Corp., 170 F.R.D. 355, 356 (E.D.N.Y. 1997), In re Shur, 184 B.R. 640, 642 (Bankr. E.D.N.Y. 1995), Doe v. Hersemann, 155 F.R.D. 630, 631 (N.D. Ind. 1994)(explaining that court opinions which find a requirement under Rule 45 for personal service provide no explanation for this conclusion other than the text of Rule 45, which "does not command personal service"). Based on the findings as set forth below, this Court rejects as antiquated the so-called majority position interpreting Rule 45 as requiring personal service, and instead chooses to adopt the better-reasoned, modern, emerging minority position, which holds that substitute service of a subpoena is effective on a nonparty witness under Rule 45.

As this is a matter of statutory interpretation, the query must begin by looking at the plain language of the statute. Gonzalez v. McNary, 980 F.2d 1418, 1420 (11th Cir. 1993). Nothing in the language of Rule 45 requires personal service, nor is there any reference or mention of personal service. Codrington v. Anheuser-Busch, Inc., 1999 WL 1043861 (M.D. Fla. 1999)(stating "nothing in the plain language of the Rule requires personal service."); Western Resources, Inc. v. Union Pacific Railroad Co., 2002 WL 1822432 (D.Kan. 2002)(holding "The language of Rule 45 does not explicitly demand personal service of a subpoena, but instead requires only that a copy be 'deliver[ed]' to the person whose attendance or production of

documents is sought. Such language 'neither requires in-hand service nor prohibits alternative means of service.'").

Recent decisions on this very issue have established that the requirement for "delivery" under Rule 45 is satisfied so long as, "service is made in a manner that reasonably insures actual receipt of the subpoena by the witness." King v. Crown Plastering Corp., 170 F.R.D. at 356; See In re Shur, 184 B.R. at 642 (holding "we do not believe that Rule 45 requires personal service…'delivering' a copy of a subpoena, for purposes of Rule 45, includes any act or series of acts that reasonably assures the entity to which it is addressed fair and timely notice of its issuance, contents, purpose and effect. This would necessarily include, but not be limited to, personal service of a subpoena"); Doe v. Hersemann, 155 F.R.D. at 630 (stating "Nothing in this language suggests that in-hand, personal service is required to effectuate 'delivery,'…'Delivery' connotes simply 'the act by which the *res* or substance thereof is placed within the actual…possession or control of another.'").

The Middle District of Florida addressed the topic of proper service under Rule 45 in Johnson v. Petsmart, Inc.. 2007 WL 2852363 (M.D. Fla. 2007). In Johnson, the Middle District was asked to determine whether service by facsimile met the requirements under Rule 45. Id. While holding that service by facsimile was not proper service, the Johnson court cited the Eighth Circuit decision in Firefighters' Institute For Racial Equality v. City of St. Louis, 220 F.3d 898, 903 (8th Cir. 2000). Johnson, 2007 WL at *2. In Firefighters', the Eighth Circuit noted, "When a non-party is served, the method of service needs to be one that will ensure the subpoena is placed in the actual possession or control of the person to be served…this interpretation of Rule 45(b)(1) may allow service by other than personal delivery…" 220 F.3d at

4

903. It thus appears that the authority upon which the Johnson court relies supports the position that proper service under Rule 45 is not strictly limited to personal service.

After reviewing the plain language of the statute it appears that the disagreement on proper service stems from the ambiguous use of the word "delivery" in Rule 45. Tubar v. Clift, 2007 WL 214260 (W.D. Wash. 2007)(stating that "The meaning of 'delivery to such person' (or agent) in Rule 45's text is unclear…"). Because the language of 45(b)(1) is ambiguous, it should be considered in the context of other provisions of Rule 45, "as well as other federal rules." Bank of Oklahoma, N.A. v. Arnold, 2008 WL 482860 (N.D. Okla. 2008);

Rule 45(b)(3) dictates that, "Proving service, when necessary, requires filing with the issuing court a statement showing the date and *manner of service* and of the names of persons served. The Statement must be certified by the server." Reading Rule 45(b)(1) as allowing only personal service of the subpoena would render the statement regarding the 'manner of service' in 45(b)(3) superfluous. Bank of Oklahoma, N.A., 2008 WL at *2; Western Resources, 2002 WL at *2 (holding that reading Rule 45 to require personal service would render 45(b)(3) superfluous).

Further, if Rule 45 was read as requiring personal service," the language of Rule 4(e)(2)(A) requiring that 'delivering' a copy of the summons and complaint be done 'personally' would be pure surplusage." Id.; Doe v. Hersemann, 155 F.R.D. at 631; Cordius Trust v. Kummerfield, 2000 WL 10268 (S.D.N.Y. 2000); Western Resources, 2002 WL at *2; See Hall v. Sullivan, 229 F.R.D. at 504 (holding "when the drafters of the Federal Rules wanted to require 'personal service' of a pleading or paper, they were capable of doing so unambiguously."); See Green v. Baca, 2005 WL 283361 (C.D. Cal. 2005).

In Hall v. Sullivan, Rule 45 was also evaluated in the context of Rule 1, "which addresses the scope and purpose of the Federal Rules." 229 F.R.D. at 504. Rule 1 clearly states that, in

interpreting the rules of procedure, such rules should be, "construed and administered to secure the just, speedy, and inexpensive determination of every action." Id. The mandate of Rule 1, "serves as a reminder that in interpreting a rule that is not clear on its face a court should not exalt form over substance." Id.

An interpretation of Rule 45 which allows for alternative methods of service also comports with the rules and canons of statutory interpretation, as permitting methods of service other than through personal service will avoid rendering other provisions as surplusage or superfluous language. See Gonzalez, 980 F.2d at 1420 (holding "A statute should be construed so that effect is given to all its provisions, so that no part of it will be inoperative or superfluous, void or insignificant…It is a court's duty 'to give effect, if possible, to every clause and word of a statute'"); See also United States v. McLymont, 45 F.3d 400, 401 (11th Cir. 1995)(stating courts must "construe the statute so each of its provisions is given full effect").

Prior opinions ruling that personal service is required under Rule 45 justify this interpretation by utilizing a, "literal construction of the word 'delivering'…" Bank of Oklahoma, N.A., 2008 WL at *2. Following this interpretation of the word "delivering", as suggested by Fajardo and the majority, would result in the standard for service of a nonparty witness subpoena being more rigorous than the service required for a summons and complaint. Moreover, it is apparent that restricting service under Rule 45(b)(1) to personal service is antithetical to the intent and plain meaning of the drafters of the rules, and this Court refuses to attach such a rigid interpretation to Rule 45.

Fajardo posits that personal service is required for the subpoena to be effective. However, Fajardo fails to cite decisions from any District Courts of Florida to support this finding. Instead, Movant relies on the language of Rule 45(b)(1) of the Federal Rules of Civil

Procedure, a decision from the Fifth Circuit rendered in 1968, and one case from the Northern District of Georgia. The Fifth Circuit decision, <u>Harrison v. Prather</u>, is cited by Fajardo for the proposition that personal service of a subpoena is required. 404 F.2d 267 (5th Cir. 1968). However, Fajardo's reliance on this case is misplaced, as the <u>Harrison</u> court did not conduct an analysis as to whether personal service was the only permissible form of service under Rule 45. The <u>Harrison</u> court merely provides a narrow, limited holding that service of a subpoena for a party on that party's counsel is not service which conforms to the rule. <u>Id</u>. at 273. This ruling in no way addresses or comments on whether other forms of service would be permissible under Rule 45, nor does that case deal with facts similar to those in the instant matter, dealing with substitute service of a nonparty.

Fajardo also relies on the ruling in <u>Klockner Namaso Holdings Corp. v. Daily Access.com</u>, 211 F.R.D. 685 (N.D. Ga. 2002). The facts of <u>Klockner</u> are more analogous to the facts at bar, where service of a subpoena on a nonparty witness was effected through substitute service on the wife of the witness. <u>Id</u>. Although the court recognized that, "there is a split of authority whether service pursuant to Rule 5 meets the requirements of Rule 45," it held that personal service was required under Rule 45. <u>Id</u>. at 687. Yet, the holding in <u>Klockner</u> appears to predominantly rely on the rationale of the <u>Harrison</u> court, which, as stated, simply holds that service on a party's counsel does not conform with proper service under Rule 45. Neither the <u>Klockner</u>, nor <u>Harrison</u> decisions provide any form of analysis or reasonable basis for the position forwarded by Fajardo.

Finally, Fajardo relies on the language of Rule 45(b)(1), implying that such language explicitly requires personal service of a subpoena. As discussed, supra, this section makes no direct reference to "personal" service as a requirement.

This Court finds the arguments presented by Fajardo to be unpersuasive. In the instant matter, the subpoena was served on Fajardo's wife at a residence owned by Fajardo, a residence which public records identify as Fajardo's homestead. Although Fajardo may not have resided there at that time, the substitute service was reasonably calculated to insure receipt of the subpoena by the witness, as evidenced by the fact that Fajardo both timely received the subpoena from his wife, and was able to file a timely motion to quash the subpoena. See Codrington, 1999 WL at *2 (noting service of a subpoena on a nonparty witness by U.S. Mail was effective under Rule 45, and the timely objection filed by the nonparty witness served as evidence that the witness received actual notice of the subpoena).

### III.    CONCLUSION

For the foregoing reasons, the Court finds that substitute service can satisfy the requirements of Rule 45 and, therefore, the Motion to Quash Subpoena is DENIED, in part, with respect to that issue. However, the issue remains as to whether the attempted substitute service on Fajardo in this action was effective, under facts yet to be determined in this case. The Trustee may conduct discovery on the matters raised by Fajardo's Motion to Quash and Affidavit and then respond to that issue as raised in the Motion to Quash. Any response shall include a request for hearing.

###

Copies furnished to:

Neil P. Linden, Esq.
Adorno & Yoss LLP
2525 Ponce De Leon Blvd, Suite 400
Miami, FL 33134
Tel.: (305) 460-1000
Fax: (305) 460-1422

_____

Attorney Linden is directed to serve a conformed copy of this order on all parties listed on the Master Service List immediately upon receipt and to file a certificate of service with the Court.